UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

CHRISTOPHER S. STRECKENBACH,

        Petitioner,

v.                                                                Case No. 19-C-121

CATHY A. JESS,

        Respondent.

---

## SCREENING ORDER

---

On January 22nd, Petitioner Christopher Streckenbach, who is currently serving a state sentence at Oshkosh Correctional Institution, filed a petition pursuant to 28 U.S.C. § 2254 challenging his state court conviction for which he is presently under a sentence of confinement. Streckenbach also concurrently filed a motion for leave to proceed without prepayment of the filing fee with his petition. In the petition, Streckenbach challenges his 2002 conviction of two counts of sexual assault of a child and two counts of unlawfully photographing children, for which he received a sentence of nineteen years and six months with fifteen years of extended supervision.

I must give the case prompt initial consideration pursuant to Rule 4 of the Rules Governing § 2254 Cases, which reads:

> If it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner. If the petition is not dismissed, the judge must order the respondent to file an answer, motion, or other response within a fix time . . . .

Rule 4, Rules Governing § 2254 Cases. During my initial review of habeas petitions, I look to see

whether the petitioner has set forth cognizable constitutional or federal law claims and exhausted available state remedies.

It is unclear from Streckenbach's petition on what grounds he is requesting relief. In his petition, for ground one of relief Streckenbach wrote "Brown County Circuit Court Branch IV, See Court's Record." ECF No. 1 at 6. Similarly, for grounds two and three Streckenbach just listed the names of courts without specifically identifying the grounds upon which he is seeking relief. These claims are vague, and fall short of the heightened pleading requirements of habeas corpus petitions. *See McFarland v. Scott*, 512 U.S. 849, 856 (1994) ("Habeas petitions must meet heightened pleading requirements . . . ." (citing 28 U.S.C. § 2254 Rule 2(c))). The petition must "specify all the grounds for relief available to the moving party," and "state facts supporting each ground." 28 U.S.C. § 2255 Rule 2(b); *see also Borden v. Allen*, 646 F.3d 785, 810 (11th Cir. 2011) ("The § 2254 Rules and the § 2255 Rules mandate 'fact pleading' as opposed to 'notice pleading,' as authorized under Federal Rule of Civil Procedure 8(a)."). Although Streckenbach states that he "did what the original U.S. District Court Judge instructed him to do by raising his constitutional claims in the State Courts," ECF No. 1 at 9, it is unclear from his petition what exactly those constitutional claims are.

Accordingly, Streckenbach will be given thirty days from the date of this order to file an amended petition setting forth the specific federal law or constitutional provision he claims was violated in the state court proceedings that resulted in his confinement, along with the specific allegations of fact that support his claim.

Additionally, on January 29, 2019, Streckenbach paid the $5.00 filing fee in full. As a result, his motion to proceed without prepayment of the filing fee will be denied as moot.

**IT IS THEREFORE ORDERED** that Streckenbach file an amended petition within thirty (30) days of the date of this order that sets forth the specific grounds upon which he seeks relief, together with specific allegations of the facts supporting those grounds. Failure to timely file an amended petition will result in the dismissal of this action without prejudice.

**IT IS FURTHER ORDERED** that Streckenbach's motion to proceed without prepayment of the filing fee (ECF No. 2) is **DENIED as moot**.

Dated this  1st  day of February, 2019.

s/ William C. Griesbach
William C. Griesbach, Chief Judge
United States District Court
