UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

CHRISTOPHER S. STRECKENBACH,

       Petitioner,

v.                                          Case No. 19-C-121

CATHY A. JESS,

       Respondent.

---

## SCREENING ORDER

---

In 2008, Petitioner Christopher Streckenbach was convicted in State court on his pleas of no contest of two counts of sexual assault and two counts of register sex offender intentionally photographing a minor without consent as a repeater. On January 22, 2019, Streckenbach, who is currently serving his sentence at Oshkosh Correctional Institution, filed a petition pursuant to 28 U.S.C. § 2254 challenging his state court conviction for which he is presently under a sentence of confinement. On February 1, 2019, the court dismissed his petition for failure to state a claim, but gave Streckenbach leave to file an amended petition within thirty days. He has now done so, and the court will proceed to screen his amended petition pursuant to Rule 4 of the Rules Governing § 2254 Cases. Rule 4 reads:

> If it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner. If the petition is not dismissed, the judge must order the respondent to file an answer, motion, or other response within a fixed time . . . .

Rule 4, Rules Governing § 2254 Cases. During my initial review of habeas petitions, I look to see

whether the petitioner has set forth cognizable constitutional or federal law claims and exhausted available state remedies.

Streckenbach asserts three claims. First, an ineffective assistance of counsel claim against his trial counsel for "his gross mishandling of the State's Pre Sentence Investigation Report" (PSIR) which "allowed the petitioner to be sentenced under erroneous information." ECF No. 10 at 3. Second, an ineffective assistance of counsel claim against his appellate counsel for failing to raise an ineffective assistance of counsel claim against his trial counsel on direct appeal. And third, a claim that the circuit court judge violated his due process rights by changing a motion hearing date without providing him any notice.

A federal court is authorized to grant habeas corpus relief to a state prisoner only upon a showing that "he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). The court's ability to grant such relief is further limited by the provisions of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), which "significantly constrain any federal court review of a state court conviction." *Searcy v. Jaimet*, 332 F.3d 1081, 1087 (7th Cir. 2003). Under AEDPA, habeas corpus relief for persons serving sentences imposed by state courts may not be granted on any claim that was adjudicated on the merits in state court proceedings unless the adjudication of the claim (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the United States Supreme Court or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. 28 U.S.C. § 2254(d).

State prisoners are also required to "exhaust" the remedies available to them in the state

court system before a federal district court will consider the merits of constitutional claims in a federal habeas petition. 28 U.S.C. § 2254(b)(1)(A); *Dressler v. McCaughtry*, 238 F.3d 908, 912 (7th Cir. 2001) (noting that if petitioner "either failed to exhaust all available state remedies or raise all claims before the state courts, his petition must be denied without considering its merits"). Even if a petitioner exhausts review of his constitutional claim in the state courts, a federal habeas court cannot review the claim on the merits if the petitioner has "procedurally defaulted" the claim. A criminal defendant "procedurally defaults" his claim—and loses his right to federal habeas review—if the last state court that issued judgment "'clearly and expressly' states that its judgment rests on a state procedural bar." *Harris v. Reed*, 489 U.S. 255, 263 (1989) (quoting *Caldwell v. Mississippi*, 472 U.S. 320, 327 (1985)).

Streckenbach has procedurally defaulted all three of his claims. The Wisconsin Court of Appeals held his ineffective assistance of counsel claim against his appellate counsel and his claim regarding the cancellation of the hearing was barred by *State v. Escalona-Naranjo*, 185 Wis. 2d 168, 517 N.W.2d 157 (1994), which holds that a prisoner is barred from bringing a second postconviction motion pursuant to Wis. Stat. § 974.06 on a ground that was or could have been raised on direct appeal or prior postconviction motion absent a sufficient reason for failing to raise the ground. *State v. Streckenbach*, Nos. 2017AP182 and 2017AP183, unpublished op. and order (Wis. Ct. App. Apr. 25, 2018). Streckenbach's ineffective assistance claim against his trial counsel was also held to be procedurally barred by *Escalona-Naranjo*. *State v. Streckenbach*, No. 2015AP1047-CR, 2016 WL 8605392, at *1 (Wis. Ct. App. May 26, 2016).

Procedural default can be overcome if the petitioner demonstrates cause for the default and prejudice arising therefrom or, alternatively, the petitioner can demonstrate a miscarriage of justice

3

would result if his claims were not entertained on the merits. *Perruquet v. Briley*, 390 F.3d 505, 514–15 (7th Cir. 2004) (citations omitted). But even if Streckenbach could overcome the procedural default, his petition would nevertheless be denied.

As the court noted in its previous order, habeas corpus petitions are subject to heightened pleading requirements, *see McFarland v. Scott*, 512 U.S. 849, 856 (1994), and the petition must "specify all the grounds for relief available to the moving party" and "state facts supporting each ground." 28 U.S.C. § 2255 Rule 2(b); *see also Borden v. Allen*, 646 F.3d 785, 810 (11th Cir. 2011) ("The § 2254 Rules and the § 2255 Rules mandate 'fact pleading' as opposed to 'notice pleading,' as authorized under Federal Rule of Civil Procedure 8(a)."). This makes abundant sense when one considers the fact that Streckenbach has already completed at least two rounds of appeals through the state court system and the resources that both the state and the court must expend for an additional level of review. In order to obtain further review of his case in yet another court, Streckenbach must at least state with some specificity what the alleged errors were in the presentence report that went uncorrected, or what the critical testimony was that he wanted to introduce at the hearing. Streckenbach failed to do so in state court, and he has failed to do so here as well.

As recounted in the opinion and order affirming the circuit court's denial of his motion for post conviction relief, a copy of which is attached to his petition,

> The circuit court noted Streckenbach's motion failed to allege sufficient facts that, if true, entitled him to a hearing. Nonetheless, it gave Streckenbach the opportunity to make an offer of proof concerning the proposed witness testimony and to flesh out the conclusory allegations contained in his motion. Streckenbach explained that his witnesses would have provided documentation of his appellate attorney's illness and death. The court stated it understood those facts from Streckenbach's motion. Because Streckenbach's motion and offer of proof were not sufficient to require an

4

evidentiary hearing, Streckenbach was not prejudiced by the circuit court's conducting the non-evidentiary hearing one day early.

ECF No. 1-1 at 7–8.

Just as Streckenbach's failure to allege facts that would entitle him to relief was fatal to his motion in state court, *see State v. Allen*, 274 Wis. 2d 568, 682 N.W.2d 433 (2004) ("The circuit court may deny a postconviction motion for a hearing if all the facts alleged in the motion, assuming them to be true, do not entitle the movant to relief; if one or more key factual allegations in the motion are conclusory; or if the record conclusively demonstrates that the movant is not entitled to relief."), it is likewise fatal to his federal claim. *See McFarland*, 512 U.S. at 856 ("Federal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face . . . ."). Streckenbach's amended petition fails to allege facts that would entitle him to relief. For this reason, as well as because of his procedural default in state court, his petition must be denied.

**THEREFORE, IT IS ORDERED** that this petition is summarily denied and the case dismissed pursuant to Rule 4 of the Rules Governing § 2254 Cases.

Having disposed of this petition, the Court must decide whether to issue a certificate of appealability. Rule 11(a), Rules Governing § 2254 Petitions. The certificate of appealability may issue only if the applicant makes a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). The standard for making a "substantial showing" is whether "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotation marks omitted)

(citing *Barefoot v. Estelle*, 463 U.S. 880, 893 & n.4 (1983)). If the court issues a certificate of appealability it must indicate on which specific issue or issues the petitioner has satisfied the "substantial showing" requirement. 28 U.S.C. § 2253(c)(3).

Here I conclude that reasonable jurists could not debate the outcome, and the petitioner has not shown the denial of any constitutional right. The certificate of appealability is therefore **DENIED**.

The Clerk is directed to enter judgment denying the petition and dismissing the action. A dissatisfied party may appeal this court's decision to the United States Court of Appeals for the Seventh Circuit by filing in this court a notice of appeal within 30 days of the entry of judgment. *See* Fed. R. App. P. 3, 4.

**SO ORDERED** at Green Bay, Wisconsin this  15th  day of February, 2019.

s/ William C. Griesbach  
William C. Griesbach, Chief Judge  
United States District Court